MILLER v. CITY OF DETROIT.

1. STREET RAILWAYS—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE AS
   MATTER OF LAW.
   Motorist who stopped about 25 or 30 feet from single street-
   car track where he saw or should have seen streetcar some 200
   feet away approaching at speed of 30 to 35 miles per hour
   was guilty of contributory negligence as a matter of law in
   attempting, at speed of 5 to 8 miles an hour, to cross ahead of
   rapidly approaching streetcar.

2. SAME—AUTOMOBILES—SUBSEQUENT   NEGLIGENCE—EVIDENCE—IN-
   CREASE OF SPEED.
   In action by administratrix of estate of motorist who attempted
   to cross streetcar track ahead of rapidly approaching street-
   car, evidence failed to establish subsequent or discovered negli-
   gence on part of defendant's motorman because of some testi-
   mony that speed of streetcar was increased but failing to show
   how much.

Appeal from Wayne; O'Hara (Chester P.), J.
Submitted April 13, 1944.  (Docket No. 72, Calendar
No. 42,727.)   Decided May 17, 1944.

Case by Emily Miller, administratrix of the estate
of Michael Miller, deceased, against City of Detroit,
Department of Street Railways, for damages result-
ing from accidental death of decedent.  Verdict and
judgment for plaintiff.  Defendant appeals.  Re-
versed and remanded for entry of judgment for
defendant.

*Dennis H. Dwyer* (*Calvin Bigelow,* of counsel),
for plaintiff.

Functions of court and jury in determining contributory negli-
gence, see 2 Restatement, Torts, § 476.

*Leo A. Sullivan* (*Rodney Baxter*, of counsel), for defendant.

BOYLES, J.   This is an automobile-streetcar collision case.   The only question involved is whether plaintiff's decedent was guilty of contributory negligence as a matter of law.

On Saturday, May 24, 1942, at about 2:30 in the afternoon, plaintiff's decedent was driving his automobile west on Palmer avenue in Detroit. Palmer avenue and Grandy avenue intersect at right angles.   Grandy is a narrow street with a single streetcar track in the center.   On approaching Grandy avenue plaintiff's decedent stopped his automobile back of the east crosswalk of Grandy, about 25 or 30 feet east of the streetcar track.   He then started up and attempted to cross Grandy, traveling from 5 to 8 miles per hour.   A streetcar was approaching the intersection from the south, on Grandy avenue, and when plaintiff's decedent was about 25 feet from the streetcar track this streetcar was 200 feet south of the intersection and approaching at the speed of 30 to 35 miles per hour.   There was no other traffic, and nothing to prevent plaintiff's decedent or the motorman of the streetcar from each seeing the other or from judging their rate of speed.   Neither one of them slowed down, both the streetcar and plaintiff's decedent's automobile continued at approximately the same rates of speed, and the inevitable collision occurred at about the center of the intersection of Palmer and Grandy avenues.

The collision was witnessed by two entirely disinterested persons, both of whom were called and testified as witnesses for the plaintiff.   There is no essential disagreement as to the facts.   Plaintiff's decedent, traveling about 25 feet at 5 to 8 miles per

hour, would reach the center of the intersection at approximately the same time as the streetcar, traveling 200 feet at 30 to 35 miles per hour, would reach the same place. There was some testimony that plaintiff's decedent looked. Whether or not he did so is immaterial under the circumstances. He either saw, or should have seen, that an accident must occur unless either he or the streetcar stopped or slowed down. In attempting to cross Grandy avenue ahead of the rapidly approaching streetcar, plaintiff's decedent did not use the care and caution that a reasonably prudent driver is expected to use under the same circumstances. Both parties were guilty of negligence, and the contributory negligence of plaintiff's decedent bars recovery.

There was some slight testimony that the speed of the streetcar was increased, but no showing as to how much. Plaintiff does not base her claim for recovery on subsequent or discovered negligence, and the proofs fail to establish it. Either defendant's motion for directed verdict, or for judgment *non obstante veredicto* after the jury verdict for plaintiff, should have been granted.

Reversed and remanded for entry of judgment for defendant.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.